Edward P. **PELEKAI,** Plaintiff—
Appellant,

v.

**RAYTHEON CONSTRUCTORS, INC.,**
**et al.,** Defendants—Appellees.

No. 99–15825.

United States Court of Appeals,
Ninth Circuit.

Argued May 16, 2001.

Submitted Sept. 4, 2001.

Decided Sept. 8, 2003.

William Tagupa, Honolulu, HI, for Plaintiff–Appellant.

Lynne T. Toyofuku, Dwyer Schraff Meyer Jossem & Bushnell, Honolulu, HI, for Defendants–Appellees.

Before: B. FLETCHER, CANBY, and PAEZ, Circuit Judges.

MEMORANDUM *

Plaintiff—Appellant Edward P. Pelekai ("Pelekai") appeals the district court's decision granting summary judgment to the defendants, Raytheon Constructors, Inc. and its officers ("Raytheon"), on Pelekai's Title VII claim. The district court held that Pelekai did not have standing to bring a Title VII claim and that Pelekai did not make a prima facie case that Raytheon's hiring policy[1] had a disparate impact on members of his protected class. We reverse the district court's ruling on standing but affirm the grant of summary judgment on the merits. We may affirm on any ground that is supported in the record. *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 750 (9th Cir.2001).

Title VII allows "a person claiming to be aggrieved" by an unlawful employment practice to sue. 42 U.S.C. § 2000e–5. This language has been interpreted to define Title VII's statutory standing broadly. *See Waters v. Heublein, Inc.*, 547 F.2d 466, 469–70 (9th Cir.1976) (noting broad Title VII standing). Article III standing requires three elements: (1) the plaintiff must have suffered an injury in fact; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

■ Pelekai was in fact injured by Raytheon's policy because he was not considered for the Raytheon position. The policy arguably has a discriminatory impact on several minority groups that are underrepresented in Raytheon's hiring pool of current employees. Although Pelekai conceded that Asian/Pacific Islanders were overrepresented among Raytheon Johnston Island employees, Pelekai is a member of a protected class under Title VII and he claims that he was harmed by the discriminatory policy. This is sufficient to establish that his injury was fairly traceable to the challenged action of Raytheon. "[A]ny person harmed by discrimination, *whether or not the target of the discrimination,* can sue to recover for his or her own injury." *Harris v. Itzhaki,* 183 F.3d 1043, 1050 (9th Cir.1999) (discussing standing under Fair Housing Act) (italics in original); *Waters,* 547 F.2d at 469–70 (9th Cir.1976) (holding that Title VII standing is as broad as standing under the Fair Housing Act).

Finally, Pelekai's injury would be redressed by a favorable decision. The district court held that Pelekai lacked standing because he was not qualified for the Raytheon position for which he applied, and therefore would not have been given the job even if Raytheon had a different hiring policy. However, Pelekai does not have to prove that but for a discriminatory policy, he would have been hired. He need only show that but for the challenged policy, he would have been considered on an equal basis with other applicants. *See Scott v. Pasadena Unified Sch. Dist.,* 306 F.3d 646, 657 (9th Cir.2002). Pelekai has met the requirements for Article III standing.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Raytheon hired only Johnston Island residents for its Johnston Island facility.

■ However, Pelekai has not made a prima facie case for discriminatory impact. Pelekai conceded that his racial group was overrepresented in the Raytheon employment pool. In his supplemental opposition to summary judgment, Pelekai stated that there was an "extraordinary presence of Asian/Pacific Islanders in the major [Raytheon] job categories" that presented an "issue of 'overutilization'" of members of that group. Pelekai argued to the district court that because he is half Native Hawaiian, he should be classified as a Native American rather than Asian/Pacific Islander. However, in accordance with employment discrimination regulations, Raytheon counted Native Hawaiians as Asian/Pacific Islanders in compiling its application statistics. *See* 41 C.F.R. § 60–3.4. As a result, Pelekai's concession that Asian/Pacific Islanders were over-represented in the Raytheon work-force is fatal to his case.

In addition, Pelekai did not present statistics on the racial makeup of the relevant labor pool, nor what comprised the relevant labor pool, and therefore did not show a disparate impact. Pelekai's argument that Raytheon employees worldwide should constitute the relevant pool is inconsistent with Title VII case law, because the relevant labor pool is limited geographically. *Hazelwood Sch. Dist. v. United States,* 433 U.S. 299, 310–11, 97 S.Ct. 2736, 53 L.Ed.2d 768 (1977) (noting county as relevant labor market); *Williams v. Owens–Illinois, Inc.,* 665 F.2d 918, 926–27 (9th Cir.1982) (deciding that district court erred in using the county as relevant labor pool rather than the city). **AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. See